Slip Op. 19 - 68

## UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - - - - - -x

TABACOS USA, INC.,                          :

                Plaintiff, :

           v.                          : Court No. 18-00221

UNITED STATES CUSTOMS AND BORDER      :
PROTECTION,

                       :

              Defendant.

                       :

- - - - - - - - - - - - - - - - - - -x

## Memorandum & Order

[Defendant's motion for rehearing or reconsideration denied.]

Decided: June 6, 2019

Shanshan Liang and Neil B. Mooney, Pennington P.A., of Tallahassee, FL, for the plaintiff.

Joseph H. Hunt, Assistant Attorney General, and Amy M. Rubin, Assistant Director, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Hardeep K. Josan and Monica P. Triana, Trial Attorneys of New York, NY; and Paula S. Smith and Benjamin Wastler, Office of Chief Counsel, U.S. Customs and Border Protection, of counsel, for the defendant.

AQUILINO, Senior Judge: Judgment entered in this case pursuant to the court's slip opinion 18-170, 42 CIT ____ (2018), familiarity with which is presumed, vacating defendant's letter dated September 28, 2018, demanding that the plaintiff terminate continuous bond number 18C000D1D in the amount of $300,000 and post

a new continuous bond in the amount of $400,000.  The defendant has responded with a motion for rehearing or reconsideration, withdrawing and vacating slip opinion 18-170 and reinstating defendant's demand of September 28, 2018.

The motion alleges that the court committed two errors, first that it relied on facts adduced at the hearing on plaintiff's plea for immediate injunctive relief instead of on the record developed before the administrative agency and second that it misapplied the legal standard of review.  The court thereupon ordered the defendant to submit by April 22, 2019 "whatever CBP administrative record may shed additional light on plaintiff's continuous entry bond number 18C000D1D, including the standing thereof on that terminal date."

The defendant has complied under certification of April 29, 2019 by its Director of the Revenue Division, Office of Finance, that eight documents "constitute the administrative record for the decision challenged in this case."  The court has reviewed them and finds nothing of moment therein that would have had a different impact on the trial herein.  Defendant's Director further declares:

4.    Pursuant to the temporary restraining order issued by this court on October 29, 2018, CBP issued a letter to Tabacos on October 30, 2018 staying the effectiveness of its September 28, 2018 bond insufficiency letter until further notice.  Bond No. 18C000D1D became effective on April 23, 2018, and it currently remains active and valid at $300,000.  Bond No. 18C000D1D will roll over into the next annual bond period unless terminated by the surety or the principal.  CBP has received no information regarding this bond from Tabacos or the surety since the issuance of the October 30, 2018 letter.

Indeed, the court understood at the time of trial, and understands now, that the underlying "annual bond period" has been April 23, 2018 to April 22, 2019.  This being the case, the equitable relief granted the plaintiff may have expired, and the parties may therefore be at liberty to proceed as their current circumstances and the governing law now dictate.  For an injunction becomes moot when the passage of time or a change in circumstances undermines its basis.  See, e.g., Forbes v. Ark. Educ. Television Comm'n Network Found., 982 F.2d 289 (8th Cir. 1992).

Ergo, defendant's motion for rehearing or reconsideration can be, and it hereby is, denied.

So ordered.

Decided:  New York, New York
          June 6, 2019

                                    /s Thomas J. Aquilino, Jr.
                                        Senior Judge